J-S33035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL MARTINEZ | : | |
| | : | |
| Appellant | : | No. 60 EDA 2021 |

Appeal from the PCRA Order Entered November 20, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008516-2016

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED DECEMBER 14, 2021**

Michael Martinez appeals from the order dismissing his petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Martinez's counsel filed a **Turner/Finley**[1] no-merit letter and petition to withdraw. We grant counsel's petition and affirm the PCRA court's order.

The trial court set forth the following facts:

> At [Martinez's] waiver trial, Police Officer Kathy Cerebe of the Philadelphia Police Department testified that, on July 14, 2016 at approximately 12:00 pm, she conducted a plainclothes surveillance on the 3000 block of N. Water Street in Philadelphia, PA from a confidential location. From a location approximately 100 feet south of the 3000 block and while using binoculars, Officer Cerebe observed Michael Martinez . . . on the east side of the block. Officer Cerebe testified that [Martinez] wore a black t-shirt and jeans, along with sunglasses on the top of his head. Officer Cerebe saw two unknown white males hand [Martinez] an unknown

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

amount of money in exchange for unknown items. Officer Cerebe radioed the descriptions and directions of the two white males to her backup officers, but they were unable to locate them. About a minute after the first transactions, Officer Cerebe observed Steven Graciani walk southbound on Water Street from Clearfield Street and approach [Martinez]. After a brief conversation, Mr. Graciani handed [Martinez] an unknown amount of money. In return, [Martinez] handed Mr. Graciani unknown items. Officer Cerebe relayed Mr. Graciani's description and location to backup officers while Mr. Graciani proceeded northbound on Water Street. Based on that information, Police Officer Raphael Maldonado stopped Mr. Graciani at 200 East Lippincott Street. Officer Maldonado recovered one clear plastic packet with a blue glassine insert stamped with a minion cartoon character from Graciani's pants pocket. The packet contained a tan powdery substance, which was later confirmed to be heroin through a NIK test performed in the field and further testing the Philadelphia Police Department chemistry lab.

A couple of minutes after [Martinez's] transaction with Mr. Graciani, Officer Cerebe observed Thomas Holland engage in a short conversation with [Martinez] maybe a car length or two farther, and then Mr. Holland handed [Martinez] an unknown amount of money in exchange for unknown items. Following the transaction, Mr. Holland left northbound on Clearfield Street in a Ford F-150 pick-up truck. Based on information received from Officer Cerebe, Police Officer William Tull stopped Mr. Holland approximately at 12:10 pm in the 100 block of Allegheny Avenue. Officer Tull arrested Mr. Holland and recovered one clear plastic packet with a blue glassine insert with a minion stamp and one lime-green container from the passenger seat. Both packets were tested via a NIK test performed in the field and further testing by the Philadelphia Police Department chemistry lab. The packet contained 0.11 grams of heroin. The green container contained off-white chunks that tested positive for cocaine.

[Martinez] crossed the street onto the west side of Water Street after his transaction with Mr. Holland was complete. [Martinez] was out of Officer Cerebe's view for approximately five to six minutes. Officer Cerebe left the surveillance location in an unmarked vehicle. Once Officer

Cerebe located [Martinez on] Water Street, she called for backup, relaying [Martinez's] description and location. Officer Cooper arrested [Martinez] after Officer Cerebe positively identified [Martinez]. Officer Cooper recovered $275.00 from [Martinez]. No narcotics were recovered from [Martinez's] person.

PCRA Court Opinion, filed Mar. 18, 2021, at 2-3 (citations to record omitted).

Following a bench trial, the court found Martinez guilty of possession with intent to deliver a controlled substance ("PWID") and possession of a controlled substance. 35 P.S. §§ 780-113(a)(3), (16). The trial court sentenced him to 12 to 27 months' incarceration and three years' probation for the PWID conviction. It imposed no further penalty for the possession conviction. Martinez filed a post-sentence motion, which the trial court denied. We affirmed the judgment of sentence in February 2019. Martinez filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which denied the petition in July 2019.

In February 2020, Martinez filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition claiming trial counsel was ineffective for failing to interview two witnesses. His memorandum of law in support of the petition included the names, addresses, dates of birth, and driver license numbers for two witnesses—Graciani and Holland—and stated that "[Martinez] asserts that the two witnesses would testify that [Martinez] did not sell them drugs." Memorandum of Law in Support of Amended Petition, filed July 21, 2020, at 11. He did not attach to the PCRA petition affidavits or witness certifications.

The PCRA court issued notice of its intent to dismiss without a hearing, informing Martinez that he had not provided the "specifics regarding the substance of the testimony regarding the[] witnesses" or "any evidence that the witnesses were willing and available to testify." Notice of Court's Intent to Dismiss Without Hearing Defendant's Petition for Post-Conviction Relief, dated Oct. 29, 2020, at ¶ 11. Martinez did not file a response to the Notice, and, in November 2020, the court dismissed the petition. The PCRA court permitted PCRA counsel to withdraw and appointed new counsel on appeal. Martinez filed a timely notice of appeal.

Martinez's counsel filed a *Turner/Finley* no merit letter and a petition to withdraw as counsel.

Before addressing the merits of the appeal, we must review counsel's petition to withdraw. A *Turner/Finley* no-merit letter must: (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wished to have reviewed; and (3) explain why the petitioner's issues were meritless. *Commonwealth v Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (citing *Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa.Super. 2003)). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel." *Id.* (citation omitted). If counsel has met the above requirements, we then conduct an independent review of the petitioner's issues to determine if they are in fact meritless. *Commonwealth v. Muzzy*, 141 A.3d 509, 511

(Pa.Super. 2016) (quoting *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa.Super. 2012)). Upon a conclusion that the claims are meritless, we will then grant counsel's petition to withdraw. *Id.*

Here, in the *Turner/Finley* no-merit letter, counsel detailed the nature and extent of his review, listed the issue Martinez wished to have reviewed, and explained why the issue was meritless. *See Turner/Finley* Br. at 2-8. Further, counsel sent Martinez a copy of the no-merit brief and petition to withdraw and advised Martinez of his right to proceed *pro se* or with retained counsel. *See* Letter dated July 6, 2021, from Counsel to Martinez, filed July 22, 2021. Counsel therefore met the procedural requirements for withdrawal.

Counsel lists the following issue in his brief: "Did the PCRA court commit error when it dismissed the amended PCRA petition in which the only issue[] raised was failure to interview the 2 men who purchased drugs from Martinez?" *Turner/Finley* Br. at 5.

When reviewing an order denying PCRA relief, we must determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (citing *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015)).

We presume counsel was effective and the petitioner bears the burden of proving otherwise. *See Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa.Super. 2017). A petitioner may overcome the presumption by pleading and proving all of the following: "(1) the underlying legal claim has arguable

merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction." *Id.* (quoting *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011)). A petitioner's failure to prove any one of these factors defeats the ineffectiveness claim. *Commonwealth v. Dennis*, 950 A.2d 945, 954 (Pa. 2008).

When a petitioner raises a claim of ineffectiveness for failing to call a witness, the petitioner satisfies the performance and prejudice prongs of the ineffectiveness test if the petitioner establishes that: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the [petitioner] a fair trial." *Commonwealth v. Sneed*, 45 A.3d 1096, 1109 (Pa. 2012) (citing *Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009)). "[C]ounsel will not be found ineffective unless the petitioner can show that the witness's testimony would have been helpful to the defense." *Id.*

Further, where a petitioner seeks an evidentiary hearing, the petition must include "a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony," or "a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony. . . ." Pa.R.Crim.P. 9545(d)

(i)-(ii). Failure to substantially comply with the certification requirements of render the proposed witness's testimony inadmissible. *Id.* at 9545(d)(1)(iii).

In the *Turner/Finley* letter, counsel notes that Martinez did not satisfy three of the five prongs required to prove counsel was ineffective for failure to call a witness. He points out that Martinez did not show that the witnesses were available and would have testified on his behalf, or that he was prejudiced by the absence of their testimony. Counsel notes the witnesses had been arrested and charged with crimes in connection with Martinez's case, and because Martinez's PCRA counsel failed to show the cases had been resolved prior to Martinez's trial, Martinez failed to prove they would not have exercised their Fifth Amendment right against self-incrimination. He further notes PCRA counsel did not show they were willing to testify for Martinez, but rather provided speculation that they would and as to what the testimony would be.[2]

Here, the PCRA court concluded Martinez was not entitled to an evidentiary hearing because he did not include a certificate establishing the

---

[2] In the *Turner/Finley* letter, counsel further states he investigated the witnesses and learned that, after Martinez's trial, the witnesses had pled guilty to possession related to their arrest in this case.

witnesses were available and willing to testify and therefore the testimony would have been inadmissible at the hearing:[3]

> In his *pro se* fil[]ing and his PCRA petition, [Martinez] did not provide the required certificate signed by the witnesses he alleges should have been called to testify. Nor did he substantially comply with 42 Pa.C.S.A. § 9545(d). Although[] [Martinez] included the names, addresses, including multiple addresses for one witness, and dates of birth for the witnesses, he failed to state that the witness would be available and willing to testify on his behalf. Since [Martinez] did not meet the requirements for an evidentiary hearing, any witness testimony would be inadmissible [under] 42 Pa.C.S.A. § 9545(d)(1)(iii).

PCRA Ct. Op. at 7.

The court further found Martinez's ineffectiveness claim lacked merit because he provided no documentation that the witnesses were available and willing to testify and failed to prove prejudice:

> In the case at bar, this Court determined, without an evidentiary hearing, that [Martinez's] ineffective assistance of counsel failed because the claim had no merit, and [Martinez] suffered no prejudice due to counsel's action. While there is no dispute that the two witnesses existed or that counsel knew the witnesses existed, [Martinez] provided no documentation or objective proof that the witnesses were available and willing to testify on his behalf.
>
> While [Martinez] claims that the absence of the testimony of these witnesses prejudiced his case, even if they had testified, their testimony would not have altered the outcome of the case. This Court found Officer Cerebe's

---

[3] Because counsel filed a ***Turner/Finley*** letter, and whether a hearing was required is intertwined with the failure to provide information on the witnesses, we will discuss whether PCRA court erred in dismissing the petition without a hearing together with the issue of whether the court erred in finding the claim meritless.

testimony credible. Officer Cerebe served as part of the Narcotics Bureau for the Philadelphia Police Department for twenty-three years and the Narcotics Strike Force for five years prior to the trial. As a member of the Narcotics Strike Force, Officer Cerebe participated in at least 100 surveillances over those five years. Officer Cerebe also testified, when she started in the Narcotics Bureau, she worked in the field unit in plain clothes, "doing surveillances, making purchases of narcotics, preparing search warrants." The two witnesses [Martinez] seeks to have testify were seen exchanging money with [Martinez] for narcotics. Both witnesses were stopped by other Philadelphia Police Department officers within a few blocks and a short time after the transactions with [Martinez]. Philadelphia Police Department Officers recovered, from both witnesses, clear plastic packets with a blue glassine insert stamped with a cartoon character of a minion that contained an off-white powdery substance suspected to be heroin. The substances recovered from the witnesses were tested using the NIK test and then submitted to the Philadelphia Police Department chemistry lab. Upon further testing, the substances recovered from the witnesses tested positive for heroin. The second witness also possessed a lime green plastic container containing alleged crack cocaine that was tested by the NIK, submitted to Philadelphia Police Department chemistry lab and tested positive for cocaine. Even if these witnesses testified, their supposed testimony that they did not purchase illegal narcotics from [Martinez] strains credulity given the circumstances. Thus, [Martinez] did not suffer any prejudice from the absence of the testimony of these witnesses.

*Id.* at 9-10 (citations to record omitted).

The record supports the PCRA court's factual findings, and it did not err in dismissing the petition. Martinez failed to allege or prove that the witnesses were available and willing to testify. Further, as the court noted, even if the witnesses had testified as Martinez claimed they would, the testimony would not have changed the outcome of the trial.

- 9 -

We agree with counsel that Martinez's claim is meritless. Further, following an independent review of the record, we see no claims with potential merit.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2021